# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | PHILIP G. REINHARD | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50142 | **DATE** | 7/19/2010 |
| **CASE TITLE** | Christopher Gerald Tolliver (#113531) v. Officer Vincent Kelly, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff is granted leave to file his amended complaint [5] as to Defendants Officer Vincent Kelly, Officer Timothy Speltz, and Officer Bradley Stien. The Clerk is directed to change the caption of this case to "Tolliver v. Kelly." Defendants Officer Eric Boettcher, Officer Jason DoBran, and Allison Meason are dismissed from this action. This action is stayed pending resolution of Plaintiff's state criminal proceedings. Plaintiff is directed to notify the Court in writing within 30 days of the conclusion of the criminal prosecution of the status of his state criminal case as well as whether he wishes to proceed on this case in this Court.

*/s/ Philip G. Reinhard*

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT - OPINION

Plaintiff Christopher Gerald Tolliver, currently a detainee at Winnebago County Jail, brings this *pro se* action pursuant to 42 U.S.C. § 1983. On June 21, 2010, the Court granted Plaintiff leave to submit an amended complaint, which Plaintiff has done. In his amended complaint he alleges that on November 10, 2009, Officers Kelly and Speltz arrested him without probable cause and used excessive force in effecting the arrest. He has stated a colorable claim against these two defendants.

Plaintiff claims that Officer Stien forced him into the squad car, took him to the crime scene, and forced him into an identification line up. It is not clear from these facts whether Stien was part of the initial alleged unlawful arrest. The Court therefore will allow Plaintiff to proceed against Stien at this time. However, Plaintiff does not have a claim against Stien for allegedly forcing him into an identification lineup. The procedural safeguards on lineups protect only against admission of unreliable evidence at trial. These safeguards do not create a constitutional right cognizable under § 1983. *See Hensley v. Carey*, 818 F.2d 646 (7th Cir.), *cert. denied sub nom. Hensley v. Stanley*, 484 U.S. 965 (1987). This claim is accordingly dismissed.

Plaintiff claims that Officer DoBran told the arresting officer that he noticed him as one of the fleeing suspects, and that Officer Boettcher made a statement that he was the suspect he saw get into a vehicle.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

    Assuming these statements are used in any forthcoming trial, they could lead to a conviction. Because this would implicate the validity of any conviction Plaintiff might suffer as a result of the alleged unlawful arrest, this claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir. 1997) (a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983). Officers DoBran and Boettcher are accordingly dismissed from this action.

    Plaintiff claims that Allison Meason, the Assistant State's Attorney, did not give him a proper preliminary hearing, the indictment was late, and she did not tell the Grand Jury that he had been arrested without probable cause.

    Prosecutors who act within the scope of their duties in initiating and pursuing a criminal prosecution and in presenting the State's case are absolutely immune from a civil suit for damages under 42 U.S.C. § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Plaintiff therefore cannot maintain a suit for money damages against the Assistant State's Attorney. Defendant Allison Meason is accordingly dismissed from this action.

    Plaintiff's state criminal proceedings are ongoing, and whether or not his arrest was lawful may be litigated at trial, on his direct appeal if he is not acquitted, or in other collateral state proceedings. A federal court, however, may not interfere with state criminal proceedings, and abstention is appropriate when a plaintiff invokes federal jurisdiction for the purpose of restraining or otherwise interfering with state criminal proceedings. See *Younger v. Harris*, 401 U.S. 37 (1971); *Douglas v City of Jeannette*, 319 U.S. 157 (1943); *Simpson v. Rowan*, 73 F.3d 134, 138-9 (7th Cir. 1995). A plurality of federal courts have extended the *Younger* abstention doctrine to cases such as this when a plaintiff is seeking money damages. *See Simpson*, 73 F.3d at 137-8. Under the circumstances of this case, the Court finds that it must abstain from deciding any issues surrounding Plaintiff's arrest until all state proceedings, including appeals, are concluded.

    The Court accordingly stays this action pending resolution of Plaintiff's state criminal proceedings. Plaintiff is directed to notify the Court in writing within 30 days of the conclusion of the criminal prosecution of the status of his state criminal case as well as whether he wishes to proceed on this case in this Court.